Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3263 | **DATE** | 7/5/2011 |
| **CASE TITLE** | Anthony K. Skinner (M-16250) v. C.L. Ridgell, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [3] is denied without prejudice to Plaintiff submitting a completed application. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. To proceed with this case, Plaintiff must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint in accordance with this order. The clerk shall send to Plaintiff another *in forma pauperis* application and an amended complaint form. Plaintiff's failure to comply with this order within 30 days may be construed as his desire not to proceed with this case and will result in dismissal of the case without prejudice.

■ [**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

Plaintiff, Anthony K. Skinner (M-16250), currently incarcerated at Graham Correctional Center, has filed this civil rights complaint under 42 U.S.C. § 1983 naming two Chicago Police Officers. Plaintiff asserts that, in January 2010, following his arrest, he was chained to a wall in a room at the police station. Plaintiff is diabetic, which causes him to urinate often than usual. He attempted to get the attention of officers so that he could use a bathroom; however, he remained chained to the wall and urinated on himself.

Plaintiff seeks to file his complaint *in forma pauperis*. His application, however, is incomplete, as the certificate is blank and it does not include a copy of his trust fund account statement for the six-month period before he filed his complaint. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee in installments. The *in forma pauperis* application must be on this court's form. If the court grants the inmate's application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

If Plaintiff wants to proceed with this case, he must either pay the $350 filing fee or submit a completed *in forma pauperis* application on the form being provided, including a copy of his inmate trust account statement for the six-month period immediately preceding the filing of the current complaint. Failure to comply with this order within 30 days of the date of this order will result in summary dismissal of the case without prejudice.
(CONTINUED)

isk

| STATEMENT (continued) |
|---|

      Additionally, this court has conducted a preliminary review of the complaint as required under 28 U.S.C. § 1915A. Plaintiff's complaint, as currently drafted, cannot proceed. Plaintiff asserts that he was handcuffed while he was seated in chair at a police station. Because of his diabetes, or for some other reason, Plaintiff had to urinate, but could not get the attention of an officer. (Complaint at 4.) Plaintiff urinated on himself and remained in urine soiled clothes when being transferred to the Cook County Jail. (*Id.* at 4-5.) Plaintiff states that one of the two officers gave him a soda in response to his complaints that his blood sugar could drop too low. According to Plaintiff, his blood sugar did not drop too low and he suffered only a risk of physical harm, in addition to the uncomfortableness of being in soiled clothing for a period of time. (*Id.*)

      Plaintiff's allegations, assuming they are true, describe an unfortunate experience; however, they do not state a claim for 42 U.S.C. § 1983 relief. A temporary lack of hygiene that does not result in physical harm generally does not rise to the level of an unconstitutional condition of confinement. *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (a prolonged deprivation of clean conditions that affects an inmate's health states a claim); *see also Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (inmate handcuffed and shackled for 24 hours making it more difficult to use bathroom did not state a claim of an unconstitutional condition).

      For these reasons, Plaintiff's complaint is dismissed. If he wants to proceed with this case, he must submit an amended complaint that states a valid claim. Plaintiff is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The court will refer only to the amended complaint when determining the claims and parties of this case. Plaintiff must therefore include in the amended complaint all the claims he seeks to raise and name all the Defendants he seeks to sue in this case. Plaintiff must also include a judge's copy of the amended complaint, as well as a service copy for each Defendant.

      Therefore, to proceed with this case, Plaintiff must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint in accordance with this order. Plaintiff's failure to comply with this order within 30 days may construed as his desire not to proceed with this case and will result in summary dismissal of the case without prejudice.